MARIANO ALVAREZ SOBRINO, Plaintiff and Appellant, v. THE NATIONAL CITY BANK OF NEW YORK, ETC., Defendant and Appellee.

No. 6137.   Argued January 18, 1934.—Decided January 24, 1934.

R. H. Blondet and Samuel R. Quiñones for appellant.   E. T. Fiddler and Jorge M. Morales for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Mariano Alvarez brought suit against The National City Bank of New York to recover one thousand dollars, interest, and costs, and based his claim on the following facts: En-

carnación Alamo, widow of Armas, acting through Francisco Alamo Armas, agreed on September 27, 1927, to borrow from the plaintiff, Mariano Alvarez, the sum of one thousand dollars, and for that purpose Francisco Alamo delivered to Mariano Alvarez a promissory note for said sum, signed by Encarnación Alamo, and the plaintiff endorsed to Mrs. Alamo a check for the same sum, payable to him, issued on the same day by Flores Alvarez & Co., Ltd., against the American Colonial Bank, of which the defendant bank is the successor. The check was later endorsed as follows: "Encarnación A. Vda. de Armas (loan) Francisco Alamo Armas," and was paid by the American Colonial Bank to Francisco Alamo Armas.

Francisco Alamo paid the interest on the loan, but when the obligation matured and was presented to the widow of Armas for payment, she alleged that she had not authorized the loan, or signed the note, or endorsed the check, but that the signature had been forged by Francisco Alamo.

When a demand was made upon the defendant to return the sum paid through a forged indorsement, it refused to do so, and suit was brought.

The defendant bank demurred to the complaint, on the grounds of lack of facts sufficient to constitute a cause of action, prescription of the action, and *res judicata*.

In deciding the demurrer, the district court expressed itself, in part, as follows:

"At the hearing of the demurrer, the plaintiff stated that should said demurrer be sustained he asked that final judgment be entered.

"It is not alleged directly and categorically in the amended complaint whether or not the endorsement of Encarnación Alamo, widow of Armas, was authorized by her; and, also, we hold that in any case the bank would be liable only to the drawer, Flores Alvarez & Co., Ltd., and not to subsequent indorsers.

"As to the ground of prescription, actions arising from checks prescribe three years after the maturity of the checks, according to section 950 in connection with section 548 of the Code of Commerce;

and as the check in the instant case was issued by Flores Alvarez & Co., Ltd., on September 27, 1927, and the complaint was filed on February 2, 1932, the action of one of the endorsers, that is, the plaintiff, to collect from the drawee the amount of said check or the reimbursement thereof is barred."

The judgment having been entered, the plaintiff appealed therefrom, and assigned in his brief three errors committed, in his opinion, by the district court in sustaining the demurrer and dismissing the complaint.

We will not stop to consider the first error assigned, since it seems clear to us that even though the complaint should set up a good cause of action, this would have prescribed according to the facts and the law.

The law invoked by the defendant in alleging prescription and applied by the district court in deciding the demurrer, is that set forth in sections 950 and 942 of the Code of Commerce, which read as follows:

"Section 950. Actions arising from drafts shall extinguish three years after they have fallen due, should they have been protested or not.

"A similar rule shall be applied to drafts and promissory notes of commerce, to checks, stubs, and other instruments of draft or exchange, and to the dividends, coupons, and the amounts of the redemption of obligations issued in accordance with this code.

"Section 942. The periods fixed in this code for bringing the actions arising from commercial contracts can not be extended and are without recourse."

The appellant maintains that the provision in section 950 is not applicable to checks because the limitation period is counted from the date of the maturity of the obligation, and such date is not fixed in the check. He argues, in part, as follows:

"These premises being established, what date can be taken as the basis for determining the prescription of actions arising from a check? Logically, no other date than the date on which said check is cashed in the bank against which it is drawn. This is precisely the date on which the check ceases to be a mere paper to be changed into cash, to be made effective."

And as the exact date on which the check was cashed does not appear from the pleadings, the plaintiff-appellant concludes that there are in the record no grounds for applying prescription.

We do not think that the appellant is right. From the record appears the date on which the check was drawn and delivered, September 27, 1927, and as section 537, which appears in Title XI, Article Second, of the Code of Commerce, which treats of the orders for payment known as *checks,* provides that "The holder of a check must present it for payment within five days after its issue, if drawn on a person (or institution) in the same place, and within eight days if drawn on a person in another place," it is evident that the check involved in the instant case should be considered as having matured on October 2, 1927, at the latest, this being the date most favorable to the plaintiff, from which date the limitation period in the instant case commenced; and as the complaint herein was not filed until February 2, 1932, it is clear that the term of three years fixed by section 950 of the Code of Commerce, transcribed above, had already expired.

The Negotiable Instruments Law approved in 1930 defines, in its section 186, a check as "a bill of exchange drawn on a bank payable on demand," and in the following section, 187, prescribes that "a check must be presented for payment within a reasonable time after its issue."

In reality, the date of maturity of a check is that of its issuance and delivery. It need not be expressly fixed in the document because it is clear from the nature thereof. The check is payable on demand of its owner, and what the law does is to fix a term within which the demand should be made. If the owner does not act within such term, it is at his own risk, and to grant the owner the benefit of that term is as far as one can go in applying the law of prescription.

The judgment appealed from must be affirmed.